

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SHAMAR DAVIS

Criminal No. 18-CR-138 (JLS)

Civil No. _____

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

PURSUANT TO 28 U.S.C. § 2255

I. INTRODUCTION

Shamar Davis moves to vacate his conviction and sentence under 28 USC § 2255 because his Sixth Amendment right to effective assistance of counsel was violated at every critical stage of the proceedings: plea negotiations, trial, jury fact-finding, and sentencing.

Counsel's failures culminated in a sentence driven by judicial fact-finding under a preponderance standard—including drug quantity and mandatory minimum exposure—despite the jury never making those findings. The result was a sentence dramatically higher than both co-defendants who pled guilty and a co-defendant who went to trial, solely because Mr. Davis's counsel failed to function as an advocate.

This case presents both:

A Cronic violation (complete failure to subject the prosecution's case to meaningful adversarial testing at critical stages), and

Alternatively, Strickland violations (deficient performance and prejudice).

An evidentiary hearing is required.

II. JURISDICTION AND TIMELINESS

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2255.

This motion is timely under § 2255(f) as it is filed within one year of the judgment becoming final.

III. STATEMENT OF FACTS (SUMMARY)

A. Plea Negotiations

The Government extended an initial plea offer of 60 months.

A second plea offer of 48 months followed.

Defense counsel advised Mr. Davis to reject both offers, stating that the Government lacked sufficient evidence to convict him.

A final "global plea" was offered, contingent on acceptance by all co-conspirators; it failed for reasons outside Mr. Davis's control.

At sentencing, defense counsel acknowledged on the record that the Government had not initially sought a lengthy sentence for Mr. Davis, confirming the existence of plea negotiations (Sent. Tr. at __).

Had Mr. Davis been properly advised of his true sentencing exposure and risks, he would have accepted the 48-month plea.

B. Trial and Jury Findings

The jury convicted Mr. Davis. However:

The special verdict form asked only what quantity "the conspiracy involved," not what quantity was within the scope of Mr. Davis's agreement and reasonably foreseeable to him personally.

The jury instructions, while reciting correct legal language, were not paired with an individualized verdict mechanism protecting Mr. Davis from guilt-by-association attribution.

The jury never made a defendant-specific finding that Mr. Davis personally agreed to, foresaw, or knew of any drug quantity triggering mandatory minimums.

C. Sentencing

At sentencing, the Court:

Found 50–150 kilograms of cocaine attributable to Mr. Davis

Applied a preponderance-of-the-evidence standard

Anchored the Guidelines range at 188–235 months

Imposed 150 months

The Court relied on "relevant conduct" and co-defendant activity—not jury findings (Sent. Tr. at __).

D. Sentencing Disparity

Because of counsel's failures:

Lance Parker (pled guilty) → 70 months

Jai Hunter (went to trial, safety valve applied) → 97 months

Shamar Davis → 150 months

Defense counsel never determined whether Mr. Davis was eligible for safety valve relief and never informed him of that option.

IV. GROUNDS FOR RELIEF

GROUND ONE

CONSTRUCTIVE DENIAL OF COUNSEL UNDER UNITED STATES v. CRONIC

Under United States v. Cronic, prejudice is presumed where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing at a critical stage.

2

A. Critical Failures Triggering Cronic

No adversarial testing of drug quantity evidence

Counsel asked no questions of the sole witness establishing the 17-kg seizure tied to another defendant (Trial Tr. Vol. __ at __).

No objection to a verdict form that allowed global attribution

No constitutional objection to judicial fact-finding at sentencing

No safety-valve investigation

No meaningful plea-stage risk counseling

These are not tactical errors. They represent nonperformance at the most consequential stages of the case.

Because counsel failed to function as an advocate where it mattered most, prejudice is presumed.

GROUND TWO (ALTERNATIVE)

INEFFECTIVE ASSISTANCE UNDER STRICKLAND v. WASHINGTON

If the Court analyzes counsel's failures under Strickland, relief is still required.

A. Deficient Performance

Counsel performed deficiently by:

Advising rejection of 48- and 60-month plea offers based on false assurances of insufficient evidence

Failing to advise Mr. Davis of mandatory minimum risk

Failing to request an individualized verdict form

Failing to object to preponderance-based fact-finding increasing mandatory minimums

Failing to investigate or advise on safety-valve eligibility

No reasonable attorney would have made these omissions.

B. Prejudice

1. Plea Prejudice

Mr. Davis would have accepted the 48-month plea but for counsel's advice.

2. Sentencing Prejudice

Absent counsel's errors:

The jury's findings would have supported only § 841(b)(1)(C)

Statutory exposure: 0–20 years

No mandatory minimum

No lawful basis for a Guidelines range anchored at 188–235 months

3

## GROUND THREE

### SIXTH AMENDMENT VIOLATION: SENTENCE BASED ON FACTS NOT FOUND BY THE JURY

The sentencing court relied on judge-found drug quantity and foreseeability to increase mandatory minimum exposure.

As explained in Edinger v. United States, courts have recognized that:

"Applying a preponderance-of-the-evidence standard to facts that increase a mandatory minimum is the incorrect standard of law." (Edinger v. United States, quotation cited at __).

Here, the jury never found that Mr. Davis personally agreed to or foresaw quantities triggering § 841(b)(1)(A) or (B).

## GROUND FOUR

### INEFFECTIVE ASSISTANCE: FAILURE TO SEEK SAFETY-VALVE RELIEF

Defense counsel:

Never evaluated Mr. Davis's eligibility

Never informed him that safety valve relief could apply

Allowed a co-defendant who went to trial to receive 97 months while Mr. Davis received 150 months

This omission alone satisfies Strickland.

## V. SENTENCING EXPOSURE BASED ONLY ON JURY-FOUND FACTS

With only facts found by the jury:

Applicable statute: 21 U.S.C. § 841(b)(1)(C)

No mandatory minimum

Maximum: 20 years

Guidelines driven by minimal attributable quantity (or indeterminate weight), not 50–150 kg

This exposure makes rejection of a 48-month plea irrational absent constitutionally deficient advice.

## VI. EVIDENTIARY HEARING REQUIRED

An evidentiary hearing is required because:

Plea advice occurred off-record

Safety-valve advice was never provided

Counsel's strategic justifications (if any) must be tested

Mr. Davis will testify that:

Had he been properly advised, he would have accepted the plea.

## VII. RELIEF REQUESTED

4

Mr. Davis respectfully requests that this Court:

Vacate his conviction and sentence; or

Order the Government to reoffer the plea; or

Resentence him based solely on jury-found facts under § 841(b)(1)(C); or

Grant such other relief as justice requires.

## VIII. CONCLUSION

This case is not about hindsight.

It is about a total breakdown of the adversarial process that produced a sentence untethered from jury findings, inflated by judicial fact-finding, and grossly disproportionate to similarly situated defendants.

The Constitution requires more.

Respectfully submitted,

Shamar Davis

Pro Se (or Counsel)

## VERIFICATION PURSUANT TO 28 U.S.C. § 2255

I, Shamar Davis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Petitioner in this action and that the facts stated in the foregoing Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are true and correct to the best of my knowledge, information, and belief.

I understand that any false statement made in this declaration is punishable under federal law.

Executed on 02/03/2026

Shamar Davis
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on  Feb. 3, 2026        , I caused a true and correct copy of the foregoing Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 to be
served by first-class United States mail, postage prepaid, upon:

United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, NY 14202

Shamar Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          18-CR-138-JLS

ADRIAN GOUDELOCK, et. al.

Defendants.

---

### GOVERNMENT'S PROPOSED SPECIAL VERDICT FORMS

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Michael J. Adler, Jeremiah E. Lenihan, and Seth T. Molisani, Assistant United States Attorneys, of counsel, hereby files its proposed special verdict forms, and requests leave to submit such other versions of these forms as may be appropriate prior to or at the close of the evidence.

DATED:   Buffalo, New York, September 24, 2021.

JAMES P. KENNEDY, JR.
United States Attorney

BY:   s/MICHAEL J. ADLER
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      (716) 843-5857
      Michael.Adler@usdoj.gov

BY:   s/SETH T. MOLISANI
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      (716) 843-5881
      Seth.Molisani@usdoj.gov

BY:   s/JEREMIAH E. LENIHAN
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      (716) 843-5805
      Jeremiah.Lenihan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                            18-CR-138-JLS

ADRIAN GOUDELOCK, et. al.,

Defendant.

# JURY VERDICT

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

Michael J. Adler
Jeremiah E. Lenihan
Seth T. Molisani
Assistant United States Attorneys
Of Counsel

2

## JURY VERDICT FORM

We, the Jury, return the following verdict in <u>United States v. ADRIAN GOUDELOCK, et. al.</u>, Docket No. 18-CR-138-JLS.[1]

## COUNT 1

Conspiracy to possess with intent to distribute and to distribute controlled substances; all in violation of Title 21, United States Code, Section 846.

How do you find as to the defendant on Count 1?

\_\_\_\_\_ Guilty          \_\_\_\_\_ Not Guilty

If you find the defendant guilty of Count 1, proceed to part A. If you find the defendant not guilty, please proceed to Count 2.

A.   We the jury find that it was reasonably foreseeable that the conspiracy involved a quantity of a mixture and substance containing cocaine (*please only check one*):

   \_\_\_\_\_ at least 5 kilograms of cocaine

   \_\_\_\_\_ less than 5 kilograms of cocaine, but 500 grams or more of cocaine

   \_\_\_\_\_ less 500 grams of cocaine

---

[1] The government suggests that this verdict sheet should be separated out for each defendant proceeding to trial.

3

## COUNT 2

Attempt to possess with intent to distribute and to distribute controlled substance; in in violation of Title 21, United States Code, Section 846.

How do you find as to the defendant on Count 2?

\_\_\_\_\_ Guilty  \_\_\_\_\_ Not Guilty

If you find the defendant guilty of Count 2, proceed to part A. If you find the defendant not guilty, please proceed to Count 3.

A.  We the jury find that the possession with intent to distribute involved a quantity of a mixture and substance containing cocaine (*please only check one*):

\_\_\_\_\_ at least 5 kilograms of cocaine

\_\_\_\_\_ less than 5 kilograms of cocaine, but 500 grams or more of cocaine

\_\_\_\_\_ less 500 grams of cocaine

4

## COUNT 3

Possession with intent to distribute a controlled substance; in violation of Title 21, United States Code, Section 841(a)(1).

How do you find as to the defendant on Count 3?

\_\_\_\_\_ Guilty          \_\_\_\_\_ Not Guilty

If you find the defendant guilty of Count 3, proceed to part A. If you find the defendant not guilty, please proceed to Count 4.

A.  We the jury find that the controlled substance possessed by the defendant involved a quantity of a mixture and substance containing cocaine (*please only check one*):

\_\_\_\_\_ at least 5 kilograms of cocaine

\_\_\_\_\_ less than 5 kilograms of cocaine, but 500 grams or more of cocaine

\_\_\_\_\_ less 500 grams of cocaine

5

# COUNT 4

Conspiracy to Money Launder, in violation of Title 18, United States Code, Section 1956(h)?

How do you find as to the defendant on Count 4?

\_\_\_\_ GUILTY          \_\_\_\_ NOT GUILTY

### Final Instructions

Have the jury foreperson sign and date the form below.

**I certify this verdict to be true and accurate.**

_____
Foreperson

Dated:_____